**No. 60571.**—Baker, Irons & Dockstader and General Motors Overseas Operations v. United States, protest 192034–K (New York).

RAO, Judge: The instant protest relates to an importation of certain articles, invoiced as "Frigidaire Market Reminders (French)," which were classified as manufactures of paper, not specially provided for, and assessed with duty at the rate of 17½ per centum ad valorem, pursuant to the provisions of paragraph 1413 of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T. D. 52373, supplemented by Presidential proclamation, 85 Treas. Dec. 116, T. D. 52462.

It is claimed in the protest that said merchandise is entitled to free entry as pamphlets printed wholly or chiefly in a language other than English, as provided in paragraph 1630 of said act, or that the collector should have assessed duty thereon at the rate of 10 per centum ad valorem, within the provisions of paragraph 1410 of said act, as modified by said General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, for printed matter, not specially provided for.[1] Alternative claims for classification within other provisions of paragraph 1410, as modified by said General Agreement on Tariffs and Trade, as blank books or as charts, with the consequent assessment of duty at the rate of 12½ per centum ad valorem, though asserted in the protest, have not been pressed and will not be here considered.

The paragraphs in issue provide as follows:

Paragraph 1413, as modified by T. D. 52373:

Manufactures of paper, or of which paper is the component material of chief value, not specially provided for (except ribbon fly catchers or fly ribbons) 17½% ad val.

Paragraph 1630:

Books and pamphlets printed wholly or chiefly in languages other than English; * * *.

Paragraph 1410, as modified by T. D. 52739:

Printed matter not specially provided for, not of bona fide foreign authorship (not including books, sheets or printed pages of books bound wholly or in part in leather, pamphlets, or music in books or sheets; and except tourist literature containing historical, geographic, time-table, travel, hotel, or similar information, chiefly with respect to places or travel facilities outside the continental United States) _____10% ad val.

[1] The 10 per centum rate for printed matter claimed by plaintiff was first provided in the Torquay protocol to said General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, effective June 6, 1951, prior to entry herein.

At the trial of this action, there was received in evidence as plaintiffs' illustrative exhibit 1, a representative sample of the importation. It is an article composed of 36 sheets of paper inserted between 2 cardboard covers, held together at the top by means of 2 wire staples and a narrow taping, and fitted with an eyelet for convenience in hanging. The pages are perforated immediately below the taping to permit of easy detachment.

Certain printed matter, entirely in French, appears on both sides of the front cover, on the inserted sheets, and on the inner side of the bottom cover. In substance, the article is a shopping list pad, designed to promote sales of Frigidaire refrigerators and related products through the slogan that, with a Frigidaire, shopping becomes a weekly, rather than a daily project. Indeed, the pages are entitled "Liste Hebdomadaire De Provisions," meaning weekly list of provisions, and contain lined spaces, under appropriate headings, for listing items of food to be purchased on such shopping expeditions.

Counsel for plaintiffs asserts that plaintiffs' illustrative exhibit 1 is a pamphlet within the meaning of that word, as defined in Webster's New International Dictionary, second edition, and, being entirely in the French language, is covered by the provisions of paragraph 1630, *supra*. The case of *Hermes of Paris, Inc., et al.* v. *United States*, 32 Cust. Ct. 333, C. D. 1623, involving diaries and appointment books, printed in French, is cited as authority in support of this contention.

In holding said diaries and appointment books to be books printed in languages other than English, within the purview of paragraph 1630, *supra*, this court stated:

\* \* \* If the imported article is a book or a pamphlet, and is printed wholly or chiefly in some language other than English, the requirements of the provision are satisfied. It need reflect no original thought or concept, nor be the product of intellectual labor or literary skill, provided, of course, the printing is substantial and significant in establishing the character of the volume.

It is not disputed here that the printing is wholly in a language other than English or that it "is substantial and significant in establishing the character of the volume." However, to meet the tests laid down by the language of paragraph 1630, and our interpretation thereof, it must also be shown that the article containing the printing is a book or a pamphlet. See *General Foods Corp.* v. *United States*, 68 Treas. Dec. 472, T. D. 49752.

We are of opinion that the items represented by plaintiffs' illustrative exhibit 1 do not respond to either term, and, hence, are excluded from classification within the provisions of said paragraph 1630.

In the case of *Overton & Co.* v. *United States*, 22 Treas. Dec. 437, T. D. 32327, it was held that a book, according to the trade understanding, is "a collection of leaves of any size permanently stitched or bound together in a cover, the binding being of the kind of work performed by the bookbinder." It requires no elaborate discussion to arrive at the conclusion that the instant market reminders are not of such character. Neither do plaintiffs so contend, for they rely instead upon the proposition that the subject merchandise consists of pamphlets.

The word "pamphlet" is defined as follows:

Webster's New International Dictionary, second edition:

1. A book of a few sheets of printed matter, or formerly of manuscript, commonly with a paper cover; specif., sometimes, any such work not exceeding five sheets (80 pages), or sometimes an even smaller number, and not bound. 2. A short prose controversial tract, esp. one dealing with religious or political questions.

Funk and Wagnalls New Standard Dictionary:

1. A printed work consisting of sheets, generally few, stitched but not permanently bound. 2. A brief treatise or essay, usually forensic and on a subject of current interest: \* \* \*.

Bouvier's Law Dictionary:

A small book usually printed in octavo form and stitched.

Neither in form nor in substance would the merchandise at bar fall within the foregoing definitions. It is not in any sense a book or a printed work of the kind suggested. All we have here are a few sheets of paper containing some printing, stapled together for convenient handling. As we view the sample, it is more in the nature of a pad or a tablet than a pamphlet. Like a pad, but unlike a pamphlet, it is designed so that the pages may be readily and easily torn off, for use as individual sheets rather than as a composite whole. This is not the kind of article to which paragraph 1630 addresses itself. Accordingly, plaintiffs' claim for classification within the provisions of said paragraph is overruled.

Coming now to the alternative contention that the merchandise at bar is printed matter of other than *bona fide* foreign authorship, within the purview of paragraph 1410, as modified *supra*, we note at the outset the well-recognized principle that the first two provisions of said paragraph are confined to printed material susceptible of authorship. *United States* v. *Field & Co.*, 14 Ct. Cust. Appls. 376, T. D. 42031; *United States* v. *A. H. Ringk & Co.*, 16 Ct. Cust. Appls. 323, T. D. 43077; *United States* v. *American Railway Express Co. et al.*, 17 C. C. P. A. (Customs) 10, T. D. 43317; *Barry & Staines Linoleum, Inc.* v. *United States*, 24 C. C. P. A. (Customs) 383, T. D. 48831. Our inquiry must, therefore, concern itself with the determination of whether the printing on the instant shopping lists is susceptible of authorship.

As heretofore observed, plaintiffs' illustrative exhibit 1 contains no extensive text. Isolated phrases, such as "Liste D'Emplettes" [List of Purchases], "Ayant un Frigidaire on ne fait qu'un marché par semaine" [With a Frigidaire one needs to shop only once a week], "Pour un mode de vie moderne * * * Voyez votre représentant Frigidaire" [For a modern way of life * * * See your Frigidaire representative], a list of Frigidaire's products, and a list of various items of food to be purchased weekly, comprise the total of the printed matter.

Counsel for plaintiffs adverts to the case of *Louis Wolf & Co.* v. *United States*, 71 Treas. Dec. 905, T. D. 49010, as authority for the contention that "the arrangement and presentation of the list of exemplars in the article required individual thought and attention to warrant its being considered of individual authorship in that the items are listed in a logical and practical manner enabling the users thereof to have immediate recall and reminder." The said case involved bridge score pads inserted in a folder, upon the flap of which were printed rules for scoring in both auction and contract bridge. In the "arrangement, presentation, and description of the rules for such scoring," the court saw individual authorship, within the contemplation of paragraph 1410, and it is upon this aspect of the case that plaintiffs rely.

The fact remains, however, that the rules for scoring constituted a descriptive text much different from the disconnected phrases printed on the merchandise at bar. Mere arrangement of such phrases as we have here would not, in our opinion, rise to the dignity of authorship.

A case more directly in point is *Nippon Yusen Kaisha* v. *United States*, 4 Cust. Ct. 218, C. D. 325, involving printed "freight lists," containing, in addition to "headings of the information required to be filled in thereon," several "clauses or conditions under which the merchandise is accepted for shipment." Completely disregarding the headings and the arrangement thereof as any evidence whatsoever of authorship, the court stated:

The only parts of the printed matter in the present instance that need be considered by us as having any bearing on the question of authorship are the eight clauses on the freight list (Exhibit 1) setting forth the conditions on which freight will be accepted for shipment by the shippers. While these clauses may have required some mental effort and ability to arrange, they in themselves hardly, we think, can be said to be the result or the exercise of any original thought or

expression. In our opinion, they are more in the nature of general or set forms of conditions used in the shipment or transportation of merchandise in commerce.

If the phrases and headings selected for use in the instant shopping lists, and the arrangement thereof, may be said to be the product of any mental effort, they, nevertheless, do not require that degree of original thought or literary skill as may appropriately be considered authorship within the contemplation of paragraph 1410, as modified, *supra*.

Paper shopping lists in pad or tablet form, such as the merchandise at bar, are articles made from paper, and hence were properly classified by the collector within paragraph 1413, as modified, *supra*, as manufactures of paper, not specially provided for, with the consequent assessment of duty at the rate of 17½ per centum ad valorem. All claims for alternative classification are, therefore, overruled.

Judgment will be entered accordingly.